IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| AUSTIN GABRIEL VEGA, | * | |
| Petitioner, | * | |
| | | CASE NO. 4:11-CR-3 CDL MSH |
| vs. | * | 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, filed on January 23, 2013 (ECF No. 37), is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Petitioner Vega was indicted on January 19, 2011, in a two count indictment alleging in Count One of the indictment "Possession of a Firearm by a Convicted Felon," in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2), and in Count Two of the indictment making a "False Statement during the Attempted Acquisition of a Firearm," in violation of 18 U.S.C. §922(a)(6). (ECF No. 1). Petitioner ultimately pled guilty to Count One of the indictment on June 22, 2011. (ECF No. 20.) Thereafter, on October 27, 2011, Petitioner was sentenced to a term of imprisonment of 50 months plus three years of supervised release. (ECF Nos. 32, 34, 35.) Petitioner did not file an Appeal. Petitioner filed his current Motion to Vacate,

Set Aside or Modify Sentence pursuant to 18 U.S.C. § 2255 on January 23, 2012.  (ECF No. 37.)   Petitioner's motion is ripe for review.

## Conclusions of Law

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255 became effective on April 24, 1996.  The portion relevant to 28 U.S.C. § 2255 is as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, Petitioner's conviction was final on November 11, 2011.[1]  His one-year period of limitation pursuant to the AEDPA provisions codified in 28 U.S.C. § 2255 began to run on November 12, 2011, and expired on November 11, 2012.  Therefore, when Petitioner filed

---

[1] A defendant has 14 days after final judgment is entered to file a Notice of Appeal. Fed.R.App. P. 4(b) (1)(A).  Foregoing proper filing of a Notice of Appeal begins the AEDPA one-year period of limitation 14 days after judgment is entered in his case.  *Clay v. United States,* 537 U.S. 522 (2003) (Federal Rule of App. was amended in 2009 to change the time for filing a notice of appeal from 10 to 14 days).

his § 2255 motion on January 28, 2013, he was two months past the one-year limitations period. Thus, this Court is without jurisdiction to review the merits of Petitioner's claims.

## IV. Certificate of Appealability

Rule 11(a) of Rules Governing Section 2255 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Title 28, United States Code, Section 2253(c) provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from —
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of a process issued by a State court: or
>   (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under ¶ (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under ¶ (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Vega's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner and/or the Government may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 23rd day of July, 2013.

        S/ STEPHEN HYLES
        UNITED STATES MAGISTRATE JUDGE